IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT H. YOUNG, assignee of**  )<br>**NEOS COMMUNICATIONS, INC.,**  )<br>                    **Plaintiff,**  )<br>**v.**                                                      )<br>                                                           )<br>**ALLEN S. CINNAMON,**                   )<br>                                                           )<br>                    **Defendant.**  )<br>_____) | **CIVIL ACTION**<br><br>**No. 00-MC-209-KHV** |

## ORDER

On November 3, 1999, NEOS Communications, Inc. ("NEOS") obtained a judgment against defendant Allen S. Cinnamon and others in the United States District Court for the Northern District of Texas, Case No. 3-97-2062-P.[1] NEOS registered the Texas judgment with this Court on June 9, 2000. See Doc. #1. NEOS did not execute the Texas judgment, however, and it therefore became dormant on November 3, 2004. See Kan. Stat. Ann. § 60-2403 (judgment not executed within five years of entry becomes dormant).[2] This matter comes before the Court on plaintiff's Motion To Revive Judgment (Doc. #2) filed March 8, 2006.

### Analysis

Authority to revive a federal court judgment is provided by Fed. R. Civ. P. 69(a) and 81(b).

---

[1]   The judgment awarded NEOS $250,000 plus costs and interest.

[2]   K.S. A. § 60-2403 provides in pertinent part as follows:

If execution, including any garnishment proceeding, income withholding proceeding or proceeding in aid of execution, is not issued within five years from the date of any judgment rendered in any court of record in this state, including judgments in favor of the state or any municipality in the state or within five years from the date of any order reviving such judgment, or if five years have intervened between the date of the last execution issued on such judgment and the time of issuing another writ of execution on it, such judgment, including court costs and fees therein shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor.

See Secs. Investor Protection Corp. v. Institutional Secs. of Colo., Inc., No. 01-1179, 2002 WL 1150810, at *1 (10th Cir. May 30, 2002).  Rule 81(b) states that relief formerly obtained through a writ of *scire facias* may be obtained by appropriate action or motion under the practice prescribed in the Rules of Civil Procedure.  See id.  The relief formerly obtained through *scire facias* included revival of judgments. 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3134 (2d ed. 1997).  Rule 69(a) provides for "proceedings on and in aid of execution . . . in accordance with the practice and procedure of the state in which the district court is held."  The parties agree that revival of the judgment registered in this Court is governed by Kansas state practice and procedure concerning the revival of judgments.

Kansas law provides that a properly authenticated judgment rendered by a court of one state or of the United States is entitled to the force, effect and the full faith and credit which it has in the court of the state where the judgment was rendered.  Fischer v. Kipp, 177 Kan. 196, 197-198, 277 P.2d 598, 599 (1954); Kan. Stat. Ann. § 60-3001.  The full faith and credit clause does not, however, preclude an inquiry into the jurisdiction over the subject matter or person.  Id. (citing Morrissey v. Rodgers, 137 Kan. 626, Syl. 2, 21 P.2d 359 (1933)).  Where jurisdiction is determined to be lacking, the foreign judgment is void and is not entitled to full faith and credit.  Nat'l Equip. Rental, Ltd. v. Taylor, 225 Kan. 58, 60, 587 P.2d 870, 872 (1978).

The Kansas revivor statute, Kan. Stat. Ann. § 60-2404, provides in relevant part as follows:

> A dormant judgment may be revived and have the same force and effect as if it had not become dormant if the holder thereof files a motion for revivor and files a request for the immediate issuance of an execution thereon if such motion is granted.  Notice of the filing of the motion shall be given as for a summons under article 3 of this chapter.  If the motion for revivor was filed within two years after the date on which the judgment became dormant . . . on the hearing thereof the court shall enter an order of revivor unless good cause to the contrary be shown, and thereupon the execution shall issue forthwith.

Dormant judgments may be revived by a timely motion for revivor coupled with a request for the

immediate issuance of an execution, garnishment or attachment.  See Long v. Brooks, 6 Kan. App. 2d 963, 966, 636 P.2d 242, 245 ( 1981).  Plaintiff's motion states that if this Court orders revival of the judgment, plaintiff intends to immediately request execution of the judgment.

Defendant opposes plaintiff's motion, arguing that the Texas judgment was a default judgment and that he did not have the chance to defend it.  As plaintiff points out, however, the judge in the Texas lawsuit found that "Mr. Cinnamon's actions at best demonstrate remarkable apathy with respect to defending this action, at worst they demonstrate his total disregard for these proceedings and his effort to intentionally avoid them."  The judge also enumerated some of the misrepresentations which defendant made to that Court regarding service and knowledge of the lawsuit and defendant's conduct in refusing to accept service.

Defendant also asserts that this Court should not revive the judgment because plaintiff has not shown good cause why the judgment should be revived.  As plaintiff points out, however, the statute states that "the court shall enter an order of revivor *unless good cause to the contrary be shown*." (emphasis added).  Defendant bears the burden to establish why this Court should not summarily revive the judgment.  Defendant alleges that he should not be liable for the Texas judgment, but he does not attack the jurisdiction of the Texas court.  See Worthington v. Miller, 11 Kan. App. 2d 396, 400, 727 P.2d 928, 932 (1986) (defendant entitled to attack jurisdiction of original state court judgment, and if jurisdiction was lacking, judgment was not entitled to full faith and credit).  Further, defendant does not claim that the judgment has been satisfied, or assert any other valid defense to revival of the judgment filed with this Court. The Kansas Supreme Court has held that the issue of entering an order of revivor "is not a matter of discretion with the court, but when an application by a proper party is made in due form and within the time prescribed by statute, the order of revivor must be granted as a matter of right."  First Fed. Savings & Loan Ass'n of Coffeyville v. Liebert, 195 Kan. 100, 102 (1965).  The Court therefor finds that plaintiff's motion

to revive the judgment should be sustained.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Revive Judgment (Doc. #2) filed March 8, 2006 be and hereby is **SUSTAINED**.

Dated this 24th day of October, 2006 at Kansas City, Kansas

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
